UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES LUETTGERODT, an individual, INLAND AVIATION SPECIALTIES LLC, CHARLES LUETTGERODT dba INLAND AVIATION SPECIALTIES, | Case No. 2:21-cv-00383-BLW **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | |
| STATE OF IDAHO, JUDGE LANSING L. HAYNES, | |
| Defendants. | |

## INTRODUCTION

Before the Court is defendants' motion to dismiss (Dkt 5). The motion is fully briefed. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

This case arises out of a Bonner County District Court case—*Inland Aviation Specialties, LLC, et al., v. Rapoport*, Case No. CV-2016-794—that involved Plaintiffs, Mr. Luettgerodt and Inland Aviation Specialities. Plaintiffs allege that during a status conference on January 28, 2020, Defendant Judge Lansing L. Haynes ordered an Entry of Default with prejudice against them

**MEMORANDUM DECISION AND ORDER - 1**

because they had not obtained new counsel for Inland Aviation. *Complaint*, Dkt. 1.
Plaintiffs say they couldn't afford representation due to "financial depletion." *Id.*
Judgment for the Entry of Default with prejudice was entered on on March 23,
2020. *Id.* At some point, Judge Haynes also awarded Rapoport attorneys fees. *Id.*

Plaintiffs appealed this decision to the Idaho Supreme Court on December
18, 2020. *Id.* Rapoport moved to dismiss the appeal on December 22, 2020 and the
Idaho Supreme Court granted that motion on January 11, 2021 without a hearing.
*Id.*

Plaintiffs now bring an action under 42 U.S.C. § 1983 against the State of
Idaho and Judge Haynes. *Id.* They allege they were deprived of their due process
rights under the Fifth, Seventh, and Fourteenth Amendments. *Id.* Plaintiffs also
claim that the State and Judge Haynes's conduct violated 28 U.S.C. § 1654, the
Idaho Rules for Small Claims Action 15(e) and 15(f), and Idaho Supreme Court
rules about hearing and ruling on applicants' appeal briefs. *Id.* Plaintiffs seek $1.25
million in damages. *Id.*

Defendants move to dismiss the case in its entirety with prejudice for failure
to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A dismissal pursuant to Rule 12(b)(6) is appropriate where a complaint

"fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief," in order to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although a complaint

attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual

allegations," it must set forth "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Id*. at 555.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face."  *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  *Id*. at 556.  The plausibility

standard is not akin to a "probability requirement," but it asks for more than a

sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short

of the line between possibility and plausibility of 'entitlement to relief.' "  *Id*. at

557.

The Supreme Court identified two "working principles" that underlie

*Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief.  *Id.* at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."  *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

**MEMORANDUM DECISION AND ORDER - 4**

# ANALYSIS

## A.    Immunity

Plaintiffs have named only two defendants in this case: the State of Idaho and Judge Haynes. Because both named defendants are immune from suit, the complaint fails to state a claim upon which relief may be granted.[1]

### 1.  The State of Idaho's Eleventh Amendment Immunity

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity absent a waiver of state sovereign

---

[1] In their response, plaintiffs interpret defendants' position as asking the Court to grant their motion "based on the perceived lack of substantial evidence of wrongdoing" and because "there is not sufficient information to warrant any further litigation." *Pl. Br.* Dkt 12 at 4. Plaintiffs point out that the discovery phase of litigation is the appropriate vehicle to gather such evidence and argue that, consequently, granting defendants' motion to dismiss would be premature.

The Court wants to clarify this point for plaintiffs. They are correct that parties gather evidence to support their claims during discovery. However, under the Federal Rules of Civil Procedure, a plaintiff is not entitled to discovery simply because he files a complaint in federal court. Rather, to get to the discovery phase of litigation, a plaintiff must state a claim for relief under Federal Rule of Civil Procedure 8(a)(2). A motion to dismiss under Rule 12(b)(6), such as the one at issue here, argues that the case should not even get to the discovery phase because the plaintiff has not stated such a claim. In some sense, a motion to dismiss under 12(b)(6) argues that the plaintiff cannot prevail in the case no matter what the evidence gathered during discovery shows. As a policy matter, it would be a waste of resources to conduct discovery in such cases.

Here, the Court is granting defendants' motion, but not because of any issue related to evidence. Rather, the Court will grant the motion because the defendants are completely immune from suit. Discovery of facts and evidence cannot alter that immunity. Plaintiffs have therefore failed to state a claim for relief.

immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979). Nor has Idaho itself waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012). Only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the State of Idaho cannot be sued in this civil rights action. All claims against the State of Idaho will be dismissed with prejudice.

### 2.  Judge Haynes's Absolute Judicial Immunity

Judge Haynes is also immune from suit. Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature, so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and

however injurious in its consequences it may have proved to the plaintiff."

*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).

For example, judicial immunity is not lost "by allegations that a judge conspired

with one party to rule against another party: 'a conspiracy between judge and [a

party] to predetermine the outcome of a judicial proceeding, while clearly

improper, nevertheless does not pierce the immunity extended to judges. . . .'"

*Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman*, 793

F.2d at 1078).

    In addition, "judicial immunity is not overcome by allegations of bad faith or

malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial

officers "is justified and defined by the functions it protects and serves, not by the

person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

    There are two circumstances in which absolute judicial immunity does not

apply. First, a judge may not rely on immunity when he or she performs an act that

is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used

physical force to evict a person from the courtroom, the Ninth Circuit held that the

judge performed a nonjudicial act not covered by absolute immunity. *Gregory v.*

*Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge

ordered officers "to forcibly and with excessive force seize and bring plaintiff into

his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action *he took was in error, was done maliciously, or was in excess of his authority*." *Id*. at 356.

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of

his jurisdiction and would be immune." *Stump*, 435 U.S. at 357.

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20. Here, Plaintiffs complain about decisions that Judge Haynes made in the course of presiding over Plaintiffs' civil action. Nothing about the entry of default or award of attorney fees appears to have been beyond the judge's jurisdiction. Rather, both actions were performed in the exercise of the judge's judicial functions as a state court judge. Therefore, Judge Haynes's decision is covered by absolute judicial immunity; he cannot be sued in a civil rights action for entering default or awarding attorneys fees. All claims against Judge Haynes will be dismissed with prejudice.

### B.    Amendment

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court concludes that amendment in this case would be futile. Plaintiffs' claims are barred not simply because plaintiffs have failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of the complaint that the only named defendants are immune from plaintiffs' claims. Therefore, the Court will dismiss the complaint without leave to amend.

## ORDER

**IT IS ORDERED that:**

1.    Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED** with
      prejudice.

2.    The Clerk of the Court is directed to close the case.


DATED: March 2, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**